IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERSON ANTONYO GASPER, 1598100,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-CV-2095-N** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

## I.  Background

Petitioner pled guilty to two counts of aggravated robbery with a deadly weapon.  *State of

Texas v. Jerson Antonyo Gasper*, Nos. F08-26002-I and F09-00531-I (Crim. Dist. Ct. No. 2,

Dallas County, Tex., Sept. 9, 2009).  He was sentenced to twenty-five years confinement for each

offense.  On May 17, 2011, the Fifth District Court of Appeals affirmed Petitioner's convictions

and sentences.  *Gasper v. State*, No. 05-09-01133-CR and 05-09-1134-CR, 2011 WL 1900520

(Tex. App. – Dallas, May 17, 2011, pet. ref'd).  On November 2, 2011, the Court of Criminal

Appeals denied Petitioner's petitions for discretionary review.  Petitioner did not file a petition

for writ of certiorari.

On December 18, 2012, and December 19, 2012, Petitioner filed two state applications

for writ of habeas corpus.  *Ex parte Gasper*, Application Nos. 78,987-01, -02.  On February 13, 2013 the Court of Criminal Appeals dismissed the first petition, and on March 6, 2013 dismissed the second petition, both as noncompliant because Petitioner did not sign the Inmate's Declaration.  On February 29, 2013, Petitioner filed two new state habeas applications.  *Ex parte Gasper* Nos. 78,987-03, -04.   On May 5, 2013, the Court of Criminal Appeals denied the applications without written order.

On May 20, 2013, Petitioner filed the instant § 2254 petition.  He argues:

1. Trial counsel was ineffective because he failed to voir dire the panel on the minimum range of punishment;

2. The trial court erred by admitting evidence of an extraneous offense;

3. The trial court erred by entering a deadly weapon finding in each offense;

4. The trial court erred by allowing the state to prosecute two separate offenses that arose out of a single criminal act; and

5. The trial court erred by accepting an involuntary guilty plea in cause number F09-00531-HI.

On October 17, 2013, Respondent filed an answer arguing, *inter alia*, that the petition is time-barred.  On November 5, 2013, Petitioner filed his reply.  The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.      Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

   In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

   On November 2, 2011, the Court of Criminal Appeals denied Petitioner's petitions for

discretionary review.  His convictions became final ninety days later on January 31, 2012.  *See*

Sup. Ct. R. 13; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state

conviction becomes final for limitations purposes when time for seeking further direct review

expires, regardless of when mandate issues).  Petitioner then had one year, or until January 31,

2013, to file his federal petition.

   The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

U.S.C. § 2244 (d)(2).  Statutory tolling, however, applies only during the pendency of a "properly

filed" state habeas application.  28 U.S.C. § 2244(d)(2).  Petitioner's first two state habeas

applications were dismissed because Petitioner failed to sign the Inmate Declaration on the

applications.  The applications were therefore not "properly filed" within the meaning of §

2244(d).  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its

delivery and acceptance are in compliance with the applicable laws and rules governing filings).

Since Petitioner's first two state habeas applications was not properly filed, they did not

statutorily toll the limitations period.

On February 19, 2013, Petitioner filed his third and fourth state habeas petitions.  These

petitions were filed after the one-year AEDPA limitations period expired.  They therefore did not

toll the limitations period.

Petitioner's federal petition was due by January 31, 2013.  He did not file his federal

petition until May 20, 2013.  His petition is therefore untimely.

## B.    Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that "[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*,

184 F.3d 398, 402 (5th Cir.1999) (abrogated on other grounds by *Richards v. Thaler*, 710 F.3d

573, 578-79 (5th Cir. 2013)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he acted diligently to refile his habeas petitions once he learned his first two state applications were not properly filed, and he diligently filed his federal petition once his third and fourth state habeas petitions were denied. Petitioner, however, has failed to show he diligently filed his first and/or second state habeas petitions.  Petitioner waited ten and a half months before filing his first state habeas petition. This delay is unexplained and it left Petitioner with insufficient time to correct and refile his noncompliant state petitions.  *Coleman*, 184 F.3d at 402 (stating a petitioner is not entitled to equitable tolling unless he "diligently pursue[s] his § 2254 relief.").  Petitioner has failed to establish extraordinary circumstances warranting equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 8th day of April, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).